No. 191.—Citizens' Bank of Louisiana *v.* Isabella A. Fluker, Administratrix.—Third Opposition of L. M. B. Rind and Husband.

.n this case it appears that a mortgage was given to secure a stock loan to the Citizens' Bank, dated in 1839; that in 1842 the bank foreclosed its mortgage and sold the property for an amount above the stock loan; that subsequently to the execution of the mortgage to the bank, and before the sale by the bank, the mortgagoor became tutor to some minor heirs, and a tacit mortgage attached to his property for the faithful administration thereof. The purchaser of the property at sheriff sale soon thereafter executed another mortgage on the same piece of property in favor of the Citizens' Bank, to secure a stock loan in favor of himself. This latter mortgage the bank sought to foreclose. The heirs, who claimed a tacit mortgage on the property of prior date to the execution of this second mortgage to the bank, which tacit mortgage was duly recorded in 1869, intervened by way of third opposition, and claimed the proceeds of the sale of the property as first mortgage creditors. Held—That under this state of facts, the heirs having shown a prior mortgage of superior rank to that of the bank on the property seized, they were entitled to be paid by preference out of the proceeds of the sale.

APPEAL from the Fourteenth Judicial District Court, parish of Ouachita. *Ray, J. Morrison & Farmer,* for plaintiff and appellant. *W. J. Q. Baker,* for third opponents, appellees.

Taliaferro, J. The litigation involved in this case was to some extent before this court at its last term at Monroe, July, 1870. 22 An. 482. The question now to be determined—the priority of mortgage right as between the bank and Mrs. Rind—presents itself in this case. The tacit mortgage claimed by the opponent against the "Arpen" tract of land arose, as she avers, from a large indebtedness to her by her father, Nicholas D. Rind, who, in his capacity of natural tutor, received on her account from the executors of Thomas H. Martin a sum exceeding $12,000. Her tutor's receipts, given at various times for the funds so received, were recorded in the mortgage office of the parish of Ouachita in 1869, to preserve her tacit mortgage.

This "Arpen" tract of land, with a number of slaves, was mortgaged in 1838 to the Citizens' Bank by S. W. Downs and James H. Brigham, partners in the business of planting. By this act of mortgage Downs and Brigham became stockholders in the bank, each for twenty-five shares of the capital stock of the company, and were thereby entitled to what are called loans. Brigham and Downs dissolved partnership in September, 1838, and by the act of partition Brigham became owner of the property, assuming to pay the mortgage to the bank, so far as it secured his seventy-five shares of stock. In April, 1839, Brigham sold the property to Rind, the father of the opponent, and Rind assumed to pay the loan of Brigham, obtained from the bank. The deed was recorded in the parish of Ouachita on the eighteenth of May, 1839. Rind failing to make payment, the bank foreclosed its mortgage on the property, which was sold at sheriff's sale on the sixth of August, 1842. The sheriff's return shows that he seized and sold the land, slaves, farming utensils and seventy-five shares of the capital stock of the Citizens' Bank, and that the property was purchased by W. W. Farmer,

at the price of $6066 66⅔ in cash, and that the amount of debt, interest and cost due the bank was $3613 61, which was credited upon the order of seizure. The difference between the bank debt and the amount bid at the sale is $2453 05, which was left in the hands of Farmer, over and above the payment of the stock loan to Brigham. On the thirteenth of August, 1842, Farmer and wife executed a mortgage in favor of the bank. The act recites that having purchased seventy-five shares of the capital stock of the Citizens' Bank, of $100 each, making the sum of $7500, and also that the mortgageors had obtained a loan of $1800, they mortgaged a certain tract of land in the parish of Ouachita—the "Arpen" tract—which W. W. Farmer acquired by purchase at sheriff sale on the sixth of August, 1842, at the suit of the Citizens' Bank v. N. D. Rind, to secure these shares in the capital stock of said bank, and also to secure the principal and interest on the loan raised or to be raised to form the capital of said bank, by the issue of bonds, signed by the Governor of the State of Louisiana, in favor of the Citizens' Bank, etc. Farmer sold the land to a Miss McCaleb, and she to Daniel J. Fluker. After Fluker's death, the bank obtained an order of seizure and sale against his administratrix, the defendant in this suit. This order is predicated upon the undischarged obligations of Farmer to the bank, entered into as we have seen, in August, 1842.

Claiming to have against the "Arpen" tract of land seized by the bank, a tacit mortgage of superior rank to that of the bank, the opponent comes forward and demands to be paid out of the proceeds of sale of the mortgaged property the amount of her claims so secured by tacit mortgage alleged to be of anterior date to the bank's mortgage

The bank, in answer to this opposition, denies that the opponent has any mortgage on the property seized, and if she has, it is of subsequent date and inferior rank to the mortgage of the bank.

There was judgment in favor of the third opponent, ordering that there be paid over to her the sum of $3500 of the proceeds of sale of the "Arpen" tract. From this judgment the bank has appealed.

We think the judgment correct. The proceeds of sale of the property in 1842 satisfied the mortgage given by Brigham to secure the loan to him on his stock, and left an overplus of $2453 05. It is shown that the tacit mortgage of the third opponent dates and takes rank for much the largest part of the tutor's indebtedness from the year 1839; consequently, her mortgage being next in rank to that of the bank for the stock loan to Brigham, she is entitled to this sum remaining after the stock loan was paid. True it is the property was sold subject to what is called the stock mortgage. By the organization of the bank and the principles upon which it was chartered, a subsisting mortgage was to continue to secure indebtedness to the bank, and also to secure the bonds issued by the State in aid of the bank.

After paying the stock loan mortgage of Brigham by the sale of the property on the sixth of August, 1842, there remained the balance we have before noticed in the hands of Farmer. The bank took the mortgage from Farmer on the fourteenth of August, 1842, eight days after the sale, upon the same property he purchased at the sale, to secure payment for the seventy-five shares of stock sold as Brigham's and purchased by Farmer, and also to secure a stock loan to him. Under the aspect the case presents, we conclude the decision had in the court below should be maintained.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs.

Rehearing refused.